KEYSTONE BRIDGE COMPANY, Respondent, *v.* CHARLES W.
BARSTOW ET AL., Appellants.

### March 30, 1880.

1. Where the understanding between certain stockholders and the corpora--
tion is that calls on stock shall not exceed forty per cent, and addi-
tional calls are made, to compensate for which secured second-mortgage
bonds are issued to these stockholders, these stockholders are liable
to execution creditors of the corporation for unpaid stock to the face
value of these bonds.

2. It is immaterial that these bonds are not shown to have been paid by the
corporation.

APPEAL from the the St. Louis Circuit Court.
*Affirmed.*

JAMES TAUSSIG, for the appellants.

J. H. WIETING, with whom are I. C. TERRY, and BROAD--
HEAD, SLAYBACK & HAEUSSLER, for the respondent, cited :
*Skrainka v. Allen*, 7 Mo. App. 434.

BAKEWELL, J., delivered the opinion of the court.

Daniel B. Gale, at the time of his death, held one hundred
and thirty-seven shares of the capital stock of the Illinois
and St. Louis Bridge Company.·  Twelve of these shares

were bonus stock, received with an indorsement that $40 per share had been paid on them, which had not in fact been paid. The remaining one hundred and twenty-five shares were paid-up stock, but as to twenty-five per cent paid on these remaining shares, Gale received second-mortgage bonds. The transaction was the same fully set forth in *Skrainka* v. *Allen*, 7 Mo. App. 434, to the opinion in which case reference is made for the full statement of facts. Gale received $2,656.27 from the sale of these bonds. Defendants are the trustees under Gale's will. They are the holders of the stock, and are in funds to pay any execution against them in this case. Under the order of the Probate Court they signed the guarantee contract, and paid under it $456.53, which has not been refunded.

This is a proceeding against defendants as stockholders of the Illinois and St. Louis Bridge Company, by motion under the statute, made by plaintiffs, as owners of an unsatisfied execution for $46,831 against the Bridge Company. The court held defendants liable to the amount of $3,448.47, charging them with forty per cent on the twelve shares of bonus stock, *plus* the face value of $3\frac{425}{1000}$ mortgage bonds received by Gale, less $456.53 paid by defendants under the guarantee contract.

The only question raised by this record which has not already been disposed of in *Skrainka* v. *Allen* is whether the defendants, who are in Gale's shoes, are chargeable with the face value of the second-mortgage bonds, or only with the sum realized thereon. The trial court held defendants for the face value of the bonds. If this was error, the finding was excessive to the amount of $768.73.

The question did not arise in *Skrainka* v. *Allen*. For the full satisfaction of the judgment in that case it was not necessary to claim more than the proceeds of the bonds. We held that, in ruling that the defendant there was liable for the sum actually received on the bonds, the trial court committed no error to the prejudice of defendant. The

further question now arises whether the stockholder receiving those bonds at par is liable to the execution creditor of the corporation for the par value of the bonds, or only for the proceeds of them received by him.   As to this : the bonds are in form a promise to pay of the corporation, secured by mortgage upon its property.   When sold, they increased the liability, and, therefore, diminished the assets of the corporation, to their full face value.   They were received by the stockholders at their face value, and we think it follows from the reasoning in *Skrainka* v. *Allen* that the stockholders who received them under the circumstances set forth in that opinion are liable, not only for the amount for which the bonds were sold by them, but for the amount of indebtedness of the corporation which they represented when sold — that is, for their face value.

It is contended by the appellant that, as it does not appear that these bonds have ever been paid by the corporation that issued them, there is nothing to show that the assets of the corporation were diminished by their issue. We do not think that this view is sound.   It is, at any rate, contrary to the view expressed by this court in the case cited.   We see no reason for modifying that opinion, and are satisfied with the grounds on which it rests.

The judgment is affirmed.   Judge HAYDEN concurs ; Judge LEWIS is absent.